IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JERRY QUINN DAVIS,                    )
                                      )
           Plaintiff,                 )
                                      )
    v.                                )    No. 04-4008-CV-C-SOW
                                      )
FULTON STATE HOSPITAL, et al.,        )
                                      )
           Defendants.                )

## REPORT AND RECOMMENDATION

Plaintiff, a patient confined in a Missouri mental health institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On February 9, 2005, defendants Schuffman, McFarland, Menditto and Lyle moved to dismiss this action for plaintiff's failure to state a claim against them. Plaintiff responded in opposition to dismissal.

Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984); *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).

In this case, plaintiff's complaint and amended complaint make general accusations and ramble about issues unrelated to this lawsuit[1], but basically allege that defendants failed

---

[1] Plaintiff asserts that a mind-controlling device was previously inserted into his head, that there are communistic agencies of the county and state committing treasonous practices, that since 1990 he has been killed and brought back to life three times, that he is being denied the opportunity to prove his innocence in the state criminal proceedings and that the

to protect him from attack by another patient at the hospital. He also asserts in other pleadings that the defendants have a conflict of interest because they are the defendants and his custodians, and that he is being forcibly medicated with psychotropic drugs.

It is not completely clear, but it appears plaintiff has ongoing criminal proceedings in Greene County, Missouri, and is a pretrial detainee being confined at Fulton State Hospital. At least during a portion of the criminal proceedings, he has been represented by a public defender.

In this pro se complaint, plaintiff indicates he had his face and skull crushed in a blow to his head made by fellow patient Ricky Davis. At one point in his filings, plaintiff asserts the hospital staff should have warned him that Ricky Davis was dangerous so he could have avoided him. He also states that Ricky Davis could have been better controlled through seclusion, medication or restraints.

Defendants assert that plaintiff's pleadings do not contain any specific allegations showing the named defendants were personally involved in any of the alleged constitutional violations and that plaintiff has not shown any causal connection between the actions or inactions of the individual defendants and the injuries giving rise to this lawsuit. Further, they state that the doctrine of respondeat superior cannot impose liability under 42 U.S.C. § 1983 and plaintiff appears to be suing Schuffman and Menditto based solely on their supervisory positions.

In response to defendants' motion, plaintiff did not identify any specific actions or inactions that the named defendants were responsible for doing that caused his injuries. Thus, he failed to show a necessary causal connection. To state a claim under 42 U.S.C. § 1983, a plaintiff must assert a deprivation of a federal right caused by a person acting under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Plaintiff stated what might be a deprivation of a federal right but did not allege facts indicating the deprivation was caused by the named defendants or even that the named defendants were aware of or involved in the deprivation at the time it occurred. In other words, plaintiff failed to state what role they played in the injuries he received.

---

fire department started the fire in his apartment.

2

To the extent plaintiff has named the defendants because of their supervisory capacity over staff or the institution, a supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. *Boyd*, 47 F.3d at 968; *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990).

Plaintiff also challenges the administration of psychotropic medications, but does not indicate who has prescribed or required such treatment. Further, it is not clear whether the administration of such drugs is or has been litigated in the appropriate state forum. Again, plaintiff has failed to tie the administration of these medications to the named defendants.

In some of his pleadings, plaintiff alleges he has been defamed or slandered by defendants. Defamation and slander are not valid claims under 42 U.S.C. § 1983. *Miner v. Brackney*, 719 F.2d 954, 955-56 (8th Cir. 1983), *cert. denied*, 467 U.S. 1259 (1984); *Ellingburg v. Lucas*, 518 F.2d 1196 (8th Cir. 1975). Likewise, plaintiff's assertion of a conflict of interest because his current custodians are also the named defendants fails to state a claim under section 1983.

The court notes that plaintiff was previously given an opportunity to explain many of his assertions and that he has filed several long pleadings. He was put on notice by defendants' motion that he needed to identify how the named defendants were involved in his allegations. The court must assume that if plaintiff could have done so, he would have.

For these reasons, it will be recommended that defendants' motion to dismiss be granted.

3

A review of the record also indicates that defendants Fulton State Hospital[2], Dr. Felix Vincenz and Enrique Dos Santos have not been served with process. Fed. R. Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiff was granted leave to proceed in forma pauperis on July 8, 2004. It has been more than 120 days since plaintiff's complaint was filed. Service was made on the defendants for whom plaintiff supplied addresses. Plaintiff did not provide addresses for service of process on Fulton State Hospital, Vincenz and Dos Santos, and has neither requested an extension of time nor shown good cause why the time for service should be further extended.

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims against defendants Fulton State Hospital, Dr. Felix Vincenz and Enrique Dos Santos be dismissed, pursuant to Fed. R. Civ. P. 4(m). It is further

RECOMMENDED that defendants' motion of February 9, 2005, to dismiss for plaintiff's failure to state a claim against them be granted and the claims against defendants Schuffman, McFarland, Menditto and Lyle be dismissed.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the

---

[2]Additionally, Fulton State Hospital, as an entity of the State of Missouri, is not a person within the meaning of the Civil Rights Act, 42 U.S.C. § 1983. See Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986), cert. denied, 479 U.S. 851 (1986). The hospital also has Eleventh Amendment immunity and is not subject to an action for damages or equitable relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

Based on the Eleventh Amendment, damages are not recoverable against the State, Fulton State Hospital or state officials acting in their official capacities. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).

4

request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

  Dated this 19th day of April, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

5

Case 2:04-cv-04008-SOW   Document 35   Filed 04/19/05   Page 5 of 5